IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| STEVE RIDDICK, | ) | |
|     Plaintiff, | ) | Civil Action No. 7:22cv00437 |
| | ) | |
| v. | ) | |
| | ) | By: Elizabeth K. Dillon |
| RICK WHITE, *et al.*, | ) |     United States District Judge |
|     Defendants. | ) | |

**MEMORANDUM OPINION**

Plaintiff Steve Riddick, a Virginia prisoner proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983. Riddick has not paid the filing fee, nor has he sought leave to proceed *in forma pauperis*. To the extent that Riddick is asking to proceed *in forma pauperis*, however, at least three of Riddick's previous actions or appeals have been dismissed as frivolous or for failure to state a claim upon which relief may be granted.[1] Therefore, even if Riddick could prove his indigence, he may not proceed with this action unless he either prepays the entire filing fee or shows that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Riddick's complaint asserts due process claims arising out of proceedings on several different disciplinary charges, some of which he alleges were fabricated. He also claims a violation of due process in connection with an Institutional Classification Authority hearing. Relatedly, he asserts a First Amendment retaliation claim against one defendant, his counselor, alleging that the counselor filed a disciplinary charge in retaliation for Riddick's statement that

---

[1] The following six cases all were dismissed, pursuant to 42 U.S.C. § 1997e(c)(1), for failure to state a claim: *Riddick v. McCowan*, No. 7:21cv00138 (W.D. Va. Aug. 6, 2021); *Riddick v. Stanley*, No. 7:21cv00177 (W.D. Va. Aug. 6, 2021); *Riddick v. Gilbert*, No. 7:20cv00598 (W.D. Va. Aug. 2, 2021); *Riddick v. Kiser*, No. 7:20cv00580 (W.D. Va. July 30, 2021); *Riddick v. Kiser*, No. 7:20cv00561 (W.D Va. Jan. 29, 2021); *Riddick v. Bunch*, No. 7:20cv00597 (W.D. Va. Jan. 29, 2021).

he intended to complain about the counselor. Lastly, he brings an Eighth Amendment claim based on the conditions of his confinement in segregation. In that claim, his primary contention is that his mental health is suffering in unspecified ways as a result of the length of time he has spent in segregation. He seeks damages against all defendants and also asks to be moved out of segregation and to a mental health unit. (*See generally* Dkt. No. 1.)

Notably, Riddick's complaint does not contain any allegations to support a conclusion that he is in imminent danger of serious physical injury. For the "imminent danger" exception of § 1915(g) to apply, "an inmate must make 'specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury.'" *Johnson v. Warner*, 200 F. App'x 270, 272 (4th Cir. 2006) (quoting *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003)). "[T]he imminent danger 'must exist at the time the complaint . . . is filed, not when the alleged wrongdoing occurred.'" *Meyers v. Clarke*, 767 F. App'x 437, 439 (4th Cir. 2019) (quoting *Martin*, 319 F.3d at 1050). "Congress intended that a three-strikes prisoner have opportunity to ask the court for its aid in addressing a danger that is close at hand, not a past infraction." *Meyers v. Comm'r of Soc. Sec. Admin.*, 801 F. App'x 90, 96 (4th Cir. 2020); *see also Johnson*, 200 F. App'x at 272 (explaining that the imminent danger exception focuses on the possibility of "continuing or future injury, not whether the inmate deserves a remedy for past misconduct").

Furthermore, Riddick's general claims of psychological injury from being in segregation are not sufficient to entitle him to proceed under the "imminent danger of serious physical injury" exception. As numerous courts have recognized, there is no exception to the three strikes rule based upon a showing of an imminent danger of serious *psychological* injury. *E.g.*, *Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 552 (D.S.C. 2008) ("[C]ourts have specifically held that where a prisoner is alleging emotional damages, but has not shown that they are in imminent danger of physical harm, they can still be barred by the PLRA's 'three strikes'

provision.") (citing *Thompson v. Gibson*, 289 F.3d 1218 (10th Cir. 2002)); *Sanders v. Melvin*, 873 F.3d 957, 959–60 (7th Cir. 2017) ("Mental deterioration, however, is a psychological rather than a physical problem.  Physical problems can cause psychological ones, and the reverse, but the statute supposes that it is possible to distinguish them.  A claim of long-term psychological deterioration is on the psychological side of the line."). *See also Smith v. Ward*, No. CA 9:13-1651-TMC, 2013 WL 5308799, at *5 (D.S.C. Sept. 18, 2013) (collecting authority holding that psychological injuries, even some accompanied by physical symptoms, did not constitute imminent danger of serious physical injury).  Consistent with this authority, Riddick's complaint contains no allegations of any imminent danger of serious physical injury, so as to allow it to fall within the exception of § 1915(g).

As Riddick has neither prepaid the filing fee nor demonstrated that he is "under imminent danger of serious physical injury," the court will dismiss his complaint without prejudice pursuant to 28 U.S.C. § 1915(g).  An appropriate order will be entered.

Entered: August 3, 2022.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge