IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| STEVE RIDDICK, | ) | |
|     Plaintiff, | ) | Civil Action No. 7:22cv00437 |
| | ) | |
| v. | ) | |
| | ) | By: Elizabeth K. Dillon |
| RICK WHITE, *et al.*, | ) |     United States District Judge |
|     Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Steve Riddick, a Virginia prisoner proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983. By memorandum opinion and order entered August 9, 2022, the court dismissed the case without prejudice, after finding that Riddick has at least three prior strikes under 28 U.S.C. § 1915(g) and that he had failed to pay the full filing fee or to adequately allege imminent danger related to his claims. (Dkt. Nos. 3, 4.)

The following month, Riddick filed a motion for reconsideration. (Dkt. No. 7.) Since then, he also has filed several additional motions. Upon consideration of those motions, and for the reasons discussed next, the court denies the motion for reconsideration and denies the remaining motions as moot.

As the court described in its dismissal opinion, Riddick's complaint in this matter

> asserts due process claims arising out of proceedings on several different disciplinary charges, some of which he alleges were fabricated. He also claims a violation of due process in connection with an Institutional Classification Authority hearing. Relatedly, he asserts a First Amendment retaliation claim against one defendant, his counselor, alleging that the counselor filed a disciplinary charge in retaliation for Riddick's statement that he intended to complain about the counselor. Lastly, he brings an Eighth Amendment claim based on the conditions of his confinement in segregation. In that claim, his primary contention is that his mental health is suffering in unspecified ways as a result of the length of time he has spent in segregation. He seeks

> damages against all defendants and also asks to be moved out of segregation and to a mental health unit. (*See generally* Dkt. No. 1.)

(Mem. Op. 2, Dkt. No. 3.)

As explained by the court, Riddick's complaint "does not contain any allegations to support a conclusion that he is in imminent danger of serious physical injury." (*Id*.) Most of his claims did not involve physical injury at all. Moreover, "general claims of psychological injury from being in segregation are not sufficient to entitle him to proceed under the "imminent danger of serious physical injury" exception. As numerous courts have recognized, there is no exception to the three strikes rule based upon a showing of an imminent danger of serious *psychological* injury." (*Id.* at 3 (citations omitted).)[1]

In his motion for reconsideration, Riddick points to a number of ways in which he believes he is in imminent danger of serious physical injury. (*See generally* Mot. Recons., Dkt. No. 9.) For example, he points to the fact that he still has not gotten a colonoscopy as of September 2022, although he was told when it was ordered—in December 2021—that the procedure would probably be scheduled about three months out. He alleges that he is still in pain and experiencing other symptoms that he believes are related to his need for a colonoscopy. He also describes other symptoms he is experiencing, and he claims that he is not receiving adequate or timely medical treatment for those conditions, which include "chest pain, heart flutter, lightheadedness, [and] extreme fatigue." (*Id.* at 3.) He states that he conveyed these symptoms in mid-September 2022 (which was after the filing of his complaint in this case), but claims that he has not received timely medical treatment.

---

[1] The court further notes that Riddick's claims regarding the psychological harms he has suffered in segregation overlap significantly (or perhaps entirely) with his claims in another pending lawsuit, a class action brought by counsel in which Riddick is named as a class representative. *See Thorpe v. Va. Dep't of Corrs.*, No. 2:20-cv-00007-JPJ-PMS (W.D. Va.), May 6, 2019 Am. Compl., ECF No. 1).

Riddick also complains about an incident in which he was transported in a van, but within a "cage" that was too constricted for him to move, and he had an anxiety attack as a result, especially because it was dark in the van. (*Id.* at 4–5.) He refers to various mental health diagnoses from which he suffers as support for his contention that he should not have been transported in a dark cage. And he states that another inmate, who is white, was transported in the back of another van, but not in a cage. (*Id.* at 5.) He also claims that several medical practitioners are defendants in another of his lawsuits, and that he believes they are not seeing him as retaliation for his filing of a lawsuit. He alleges further retaliation based on being deprived recreation, which occurred after he had told the Warden he intended to file a § 1983 lawsuit. (*See generally id.*.)

Most of these allegations—such as being deprived recreation and being transported in a cage—do not suggest that Riddick is in danger of a serious physical injury. Also, some of them occurred *after* he filed suit and thus cannot support a finding that he was imminent danger at the time he filed suit. Even assuming—without deciding –that one or more of the allegations in Riddick's motion to reconsider reflect that he was in imminent danger of serious physical injury at the time he filed his lawsuit, none of those allegations relate to the claims *in this case*, as they must. *Hall v. United States*, 44 F.4th 218, 230 (4th Cir. 2022) ("A plain reading of [§ 1915(g)] requires that litigants allege sufficient specific facts to demonstrate a nexus between the claims presented and the imminent danger alleged.").

For this reason, it is hereby ORDERED that the motion for reconsideration (Dkt. No. 7) is DENIED, the Clerk is DIRECTED to strike this case from the active docket of the court. All other motions, including Riddick's "motion to clarify" and "motion for service of process" (Dkt.

Nos. 9, 13) are DENIED AS MOOT. It is further ORDERED that Riddick shall not file any other motions in this closed case, other than a Notice of Appeal, should he choose to appeal.

The Clerk shall send a copy of this memorandum opinion and order to Riddick.

Entered: May 30, 2023.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge